

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Railroad Commission of Texas
Austin, Texas

Gentlemen:  Attention:  Mr. L. D. Ransom, Secretary

Opinion No. O-6714
Re:  Under the facts submitted does the
concrete dock or platform come within
the purview of Article 6559a or 6559b,
R. C. S. known as the Clearance Law?

Your letter of August 27, 1945, requesting an opinion
of this department on the above subject reads as follows:

"Article 6559a to f, Revised Civil Statutes, State
of Texas, 1925, is commonly called the Clearance Law, and
the Railroad Commission of Texas is charged with the responsi-
bility of promulgating rules and regulations in accordance
with the Act. The Railroad Commission requests your opinion
in the following fact situation.

"Prior to enactment of the Clearance Law an industry
had a 100-feet-long wood platform with 6'0" clearance from
a vertical projection of center line of its industry track
and extending up to car-floor height. At some time during
1944, this industry completely removed the wood platform
and immediately replaced it with concrete construction
providing the same 6'0" clearance from center line of track
and extending up to car-floor height. No application for
authority to construct the concrete dock or platform as
an impaired clearance was received by the Railroad Commis-
sion and no order relating thereto has been issued by the
Railroad Commission.

"'Art. 6559b. All loading platforms and all houses
and structures, and all fences, and all lumber, wood and
other materials hereafter built, placed or stored along
the railroads of this State, either on or near the right
of way of the main lines, or on or near any spur, switch
or siding of any such railroad, shall be so built, con-
structed, or placed that there shall be not less than eight

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and one-half (8½) feet space from the center of such main line, spur, switch or siding to the nearest edge of the platform, or to the wall of the building, or to the lumber, wood, or other material.

"'Art. 6559d. The provisions of this Act shall not apply to nor prevent the building, placing, constructing or completing of structures or other things enumerated in Sections One, Two and Three, when same are being built, placed, or are in the courses of construction at the time this Act takes effect, or if material has been purchased for such placing, building or construction at the time this Act takes effect, pursuant to prior contracts or plans.'

"In your opinion, does the concrete dock or platform mentioned herein come within the purview of Article 6559d, or does it come within the purview of Article 6559b, Revised Civil Statutes, State of Texas, 1925?"

The pertinent statutes have been fully set out in your letter and will not be restated; however, we make reference to Art. 6559f without quoting it in full. This statute provides in effect that the Commission may promulgate rules and regulations in accordance with this Act (Article 6559b) and may, after proper notice and for good cause shown permit a deviation from the terms of the Act in accordance with an order of the Commission made and entered.

Obviously the Legislature, by enacting Art. 6559d, sought to prevent the provisions of Art. 6559b from operating ex post facto or retroactively or from resulting in the impairment of an obligation or contract. Recognizing the existence of loading platforms, etc., located within 6 feet of the center line of tracks, Art. 6559b (Ch. 11, Acts 1925, 39th Leg.) used the phrase "hereafter built" in providing for the spacing of such platforms 8½ feet from the center line of its track.

From the facts stated in your letter, it is apparent that the wooden platform, which was in existence at the effective date of Art. 6559b, was completely removed from its position of having the nearest edge within 6 feet of the center of the track and we presume for the purpose of this opinion that this resulted in the discontinuance of use of such platform during the period in which the concrete platform was being built.

The removal of the wooden platform entirely, without, according to the facts, such effort being merely to affect a repair or replacement of a portion of such, constitutes, in our opinion, a platform "hereafter built" and falls within the provisions of Art. 6559b.

The Legislature was careful not to attempt to impose a financial loss upon those possessing structures within 6 feet of the center of their tracks by requiring the setting back or reconstruction of such, but, one, who by his own acts removes such platform and brings himself within the purview of the later statute, should have no complaint that such requirement affects him since he was charged with knowledge of the provisions of the Act at the time he made his election to remove the platform, and he suffers no financial loss or hardship by virtue of operation of the law.

Safety measures, such as the one under consideration here, are enacted by the Legislature under the Police Power and though no attempt was made to give such a retroactive effect, it is reasonable to construe the act as indicating that the law contemplated the ultimate removal of all structures within 6 feet of the center of the tracks and that "hereafter built" platforms spaced 8½ feet from the center of the track, would replace them.

Trusting that this satisfactorily answers your inquiry,

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed)  HARRIS TOLER
Assistant

HT:rt

APPROVED SEP 4, 1945

(Signed) CARLOS C. ASHLEY
First Assistant Attorney General

APPROVED  Opinion Committee

By BWB Chairman